IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| KRISTA MCNEIL, individually and as the guardian of EI. G. AND ET. G., both minors,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIAL AGENT BRIAN DUDA, and UNKNOWN FEDERAL BUREAU OF INVESTIGATIONS AGENTS,<br><br>Defendants. | Case No. 3:22-cv-50096<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Krista McNeil, individually and behalf of her two minor children, bring this action against FBI Special Agent Brian Duda and other unknown FBI agents (collectively the Defendants), claiming the defendants violated her Fourth Amendment Rights. Count I is a claim that the Defendants used excessive force by setting off flash bangs in her home. Count II is a claim that the Defendants unlawfully entered her home. Before the Court is Special Agent Duda's motion to dismiss the entirety of McNeil's complaint. Dkt. 13. For the following reasons, the motion is granted.

**I. Background**

On October 7, 2021, under the supervision of Special Agent Duda, FBI agents executed an arrest warrant to apprehend Xzavior Smith for three felony charges: (1) felon in possession of a firearm; (2) possession with intent to distribute a controlled

1

substance (fentanyl and cocaine); and (3) possession of a firearm in furtherance of a drug trafficking crime. Compl. ¶¶ 8, 9, 15; Mot. to Dis., Exh. 1. The warrant listed 10361 Metalmark Lane, Roscoe, Illinois as Smith's last known address. Exh. 1. 10361 Metalmark Lane is a freestanding residential building that contains multiple distinct units. *See* Compl. ¶ 18. McNeil lives in one of the units. *See* Compl. ¶ 12. That morning, McNeil awoke to the loud explosions of flash bangs and FBI agents storming her home with tactical gear and assault rifles. Id. ¶¶ 9, 12-13. The FBI agents demanded that McNeil tell them Smith's location, but McNeil told the agents that Smith had never lived at her home. Id. ¶¶ 14, 16-17. McNeil states that Smith was living in another unit of the building and FBI agents subsequently located him in the trunk of a vehicle parked in the building's garage. Id. ¶ 18.

## II. Legal Standard

Under Rule 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all of the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). Additionally, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 587 (7th Cir. 2009). On a motion to dismiss, the moving party bears the burden of establishing the insufficiency of the complaint's allegations, and thus that the complaint should be dismissed for failure to state a claim. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

**III. Analysis**

McNeil brings two claims against Special Agent Duda under §1983, alleging constitutional violations of her Fourth Amendment rights. Count I is a claim that the Duda ordered FBI agents to use unreasonable force by deploying flash bangs in her home. Count II is a claim that Duda directed FBI agents to unlawfully enter her home.

Generally, a plaintiff's only form of relief for violations of their *constitutional* rights against federal employees, acting under the color of federal law, is a *Bivens* claim. *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) ("[A]n action brought pursuant to § 1983 cannot lie against federal officers acting under color of federal law. . ."); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although McNeil cannot bring her claim directly under § 1983, the Court interprets her allegations as *Bivens* claims. *Majors v. City of Clarksville*, 113 Fed. Appx. 659 (6th Cir. 2004); *Aikman v. Westchester*, 691 F. Supp. 2d 496, 499 (S.D.N.Y. 2010) (collecting cases).

3

Duda argues that McNeil's *Bivens* claims should be dismissed because they present a new context and special factors counsel hesitation in allowing a *Bivens* remedy. Mot. to Dis., Dkt. 14-1 at 1.

**a. Bivens Claim**

In *Bivens*, the Supreme Court created an implied cause of action under the Fourth Amendment for constitutional violations committed by federal officials. *Bivens*, 403 U.S. 388. The Supreme Court later recognized implied causes of actions in two other contexts: a gender discrimination claim under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and an Eighth Amendment cruel and unusual punishment claim in the prison context, *Carlson v. Green*, 446 U.S. 14, 19 (1980). In *Ziglar v. Abbasi*, the Supreme Court limited *Bivens* claims stating that "three cases – *Bivens, Davis,* and *Carlson*— represent the only instances in which the Court has approved of an implied damages remedy," and any further expansion of the *Bivens* remedy beyond existing Supreme Court precedent constitutes a "disfavored judicial activity." 137 S. Ct. 1843, 1855-57 (2017).

In determining whether to extend *Bivens* beyond its limited application, courts must engage in a two-step inquiry. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). First, courts determine whether the claim arises in a new context or involves a new category of defendants. *Id.* If the first inquiry is met, then courts must determine whether any special factors counsel against extending *Bivens* to cover the new context. *Id.*

### i. New Context

The first step is not an onerous one. The Court must determine whether McNeil's claim involves a new context or whether they present the same context as one of the three previously recognized *Bivens* claims. In *Hernandez*, the Supreme Court reiterated that a new context includes a new category of defendants. 140 S. Ct. at 743. A case presents a new *Bivens* context if it is "different in a meaningful way from previous *Bivens* cases." *Abbasi*, 137 S. Ct. at 1859. In *Abbasi*, the Supreme Court provided a non-exhaustive list of meaningful differences that make a given context a new one, such as an officer's rank, the constitutional right at issue, the generality or specificity of the official action, and the statutory or legal mandate under which the officer was operating. *Id.* at 1860. If there is even a single "reason to pause before applying *Bivens* in a new context" or to a new class of defendant, a court may not recognize a *Bivens* remedy. *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quoting *Hernandez*, 140 S. Ct. at 743).

McNeil's claim of an unreasonable search shares some common ground with the claim raised in *Bivens*, where the plaintiff alleged that his Fourth Amendment rights were violated when he was arrested and confined without warrant. 403 U.S. at 389. Here, McNeil alleges that her Fourth Amendment rights were violated because Special Agent Duda "ordered or condoned" the use of flash bangs which "was not objectively reasonable given the totality of the circumstances", Compl. ¶¶ 10, 20, and entered her home without a search warrant "or other lawful authority." Compl. ¶ 19. Duda, however, argues that although both cases implicate a Fourth

5

Amendment unreasonable search claim against a federal officer, the claims are different in several ways. According to Duda the claims are distinguishable because in this case, the FBI entered McNeil's home pursuant to a valid arrest warrant, Defendant Duda was a supervisory officer, and there are no allegations that McNeil was threatened or arrested. But, in *Bivens*, the Fourth Amendment was implicated, in part, because the arresting officer did not have a warrant of any kind. Duda argues that these differences are enough to find that McNeil's claim is as an improper extension of *Bivens* to a new context. McNeil contends that her claims are at most a "very modest extension of *Bivens*". P. Resp., Dkt. 21 at 4. But even a modest extension is an improper expansion of *Bivens* into a new context. *Abbasi,* 137 S. Ct. at 1864. Not only does this case present a new context, but it also involves a new category of defendant—a supervisory FBI agent—a meaningful distinction in a claim for a *Bivens* action. *Egbert*, 142 S. Ct. at 1803.

McNeil's excessive force claim also presents a new *Bivens* context. First, the implication of the Fourth Amendment is the only common ground that McNeil's excessive force claim shares with the three previously recognized *Bivens* claims. But unlike the excessive force claim in *Bivens*, McNeil does not allege that she was arrested, handcuffed, or detained in any manner and the mere implication of the Fourth Amendment is not sufficient for a *Bivens* claim. Hernandez, 104. S Ct. at 743 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."); Zhang *v. Schuster*, No. 18-cv-3283, 2022 U.S. Dist. LEXIS

6

36616, at 25 (N.D. Ill. Mar. 2, 2022) (emphasizing that courts do not define a *Bivens* cause of action at the level of the Fourth Amendment). Second, in both *Hernandez* and *Egbert*, the Supreme Court limited the extension of *Bivens*' Fourth Amendment excessive force claims. *Egbert*, 142 S. Ct. at 1805-06.

### ii. Special Factors

Because the facts of this case seek to expand *Bivens,* the Court must perform a "special factors" analysis to determine if a new *Bivens* action should be recognized. *Hernandez*, 140 S. Ct. at 743; *Carlson*, 446 U.S. at 18 (special factors counseling hesitation are considered "in the absence of affirmative action by Congress.") There is no exhaustive list of special factors to consider, and the special factors inquiry "really boils down to a 'single question': Is there 'any reason to think Congress might be better equipped' than a court to 'weigh the costs and benefits of allowing a damages action to proceed'?" *Egbert*, 142 S. Ct. at 1809 (Gorsuch, J., concurring). Critically, the question in a *Bivens* analysis is not whether the plaintiff should be afforded a legal remedy. Instead, the question is *who* should decide whether to provide that remedy, "Congress or the courts." *Hernandez*, 140 S. Ct. at 750. "The correct 'answer most often will be Congress'". *Id.* (quoting *Abbasi*, 137 S. Ct. at 1857). A special factor analysis is unnecessary when an alternative remedial structure is in place to redress the constitutional harm. *Egbert*, 142 S. Ct. at 1804 ("[O]ur cases hold that a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'") (quoting *Abbasi*, 137 S. Ct. at 1858). "If there are alternative remedial

7

structures in place, 'that alone,' like any special factor reason is enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Id.*

Duda argues that because Congress already created procedures to file grievances against FBI employees and alternative remedies to address any alleged violations of McNeil's constitutional, she does not have a cause of action under *Bivens*.[1] McNeil stresses that the grievance procedures in place will not provide her with any remedy, and "certainly not a monetary remedy." But Duda points out that the Federal Torts Claim Act (FTCA) provides McNeil with a cause of action for money damages against the FBI. The Court only looks to see if Congress fashioned remedies to address the type of constitutional at issue, not the adequacy of the remedies. *Egbert*, 142 S. Ct. at 1803 (an alternative remedy will preclude extending *Bivens* even if the "existing remedies do not provide complete relief.") (internal citations omitted); *Grady v. Kinder*, 799 F. App'x 925, 928 (7th Cir. 2020) ("[A] remedial scheme need not provide complete relief to preclude extension of *Bivens*.") (citing *Engel v. Buchan*, 710 F.3d 698, 705 (7th Cir. 2013)).

McNeil, however, argues that in *Carlson* the Supreme Court allowed a *Bivens* claim to proceed despite the FTCA because the FTCA and *Bivens* "provide parallel, complementary causes of action." 446 U.S. at 18-19. But McNeil fails to consider the Supreme Court's ruling in *Abbasi* (decided 37 years later), holding that

---

[1] These Congressional remedies include: 28 C.F.R. § .05(a) (The Attorney General, as head of the Justice Department is obligated to "[s]upervise and direct the administration and operation of the Department of Justice."; 5 U.S.C. § 301 (authorizing the head of an Executive department to "prescribe regulations for...the conduct of its employees); 5 U.S.C. app 3 § 8E (The Inspector General may "investigate allegations of criminal wrongdoing or administrative misconduct by an employee of [DOJ] or may, in the discretion of the Inspector General, refer such allegation to the Office of Professional Responsibility or the internal affairs office."

8

the existence of an alternative remedial precludes the extending a *Bivens* claim into a new context. 137 S. Ct. at 1858; *Blake v. Bradley*, No. 20 C 5856, 2022 U.S. Dist. LEXIS 52017, at * 15 (N.D. Ill. Mar. 23, 2022); *Zhang*, 2022 U.S. Dist. LEXIS 36616, at *12 ("[S]ince *Abbasi*, many courts have found that even the potential availability of relief under the FTCA weighs against permitting a *Bivens* remedy.") (collecting cases). Taken together with the statutory grievance procedures in place, these remedies provide McNeil with "alternative means for relief." *See Carlson*, 446 U.S. at 23; *Corr. Servs. Corp. v. Malesko*, 530 U.S. 61, 73-74 (2001).

Because McNeil's claims arise in a new context, and Congress has established alternative remedies that McNeil may pursue to redress any alleged harm, the Court will not extend *Bivens* into this new context and McNeil fails to state plausible *Bivens* claims.

## IV. Conclusion

For these reasons, Special Agent Duda's motion to dismiss [14] is granted and McNeil's complaint is dismissed in its entirety because McNeil has failed to state a valid *Bivens* claim under Counts I and II.

Date: March 21, 2023

                                                         Honorable Iain D. Johnston
                                                         United States District Judge